UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Bradley Alan Kirscher,                                          Civ. File No. 05-1901 (PAM/RLE)

                              Plaintiff,

v.                                                             **MEMORANDUM AND ORDER**

Messerli & Kramer, P.A. and
Jefferson C. Pappas,

                      Defendants.

_____

This matter is before the Court on Plaintiff Bradley Alan Kirscher's Motion to Dismiss

Counterclaim and Defendant Messerli & Kramer's Motion for Judgment on the Pleadings.  For

the reasons that follow, both Motions are granted.

**BACKGROUND**

Plaintiff Bradley Alan Kirscher is an attorney with the law firm of Aase & Kirscher,

PLLC.  He is also a judgment debtor to Discover Bank in an underlying action in Ramsey

County District Court.  Defendant Messerli & Kramer, P.A. represented Discover Bank in the

Ramsey County case.

The contract between Kirscher and Discover Bank provided:

If you are in default, we may declare the entire balance of your Account
immediately due and payable without notice.  If we refer the collection of your
Account to an attorney or employ an attorney to represent us with regard to
recovery of money that you owe us, we may charge you reasonable attorneys'
fees and court or other collection costs as permitted by law and as actually
incurred by us.

(Weber Aff., Oct. 25, 2005, Ex. B at 7.)  On May 21, 2004, Messerli & Kramer sent a debt

validation letter to Kirscher.  The letter contained a breakdown of the $5,132.95 debt

purportedly owed by Kirscher: $4,077.76 in principal, $35.75 in interest, and $1,019.44 in attorneys' fees "subject to Court approval." (Id. Ex. A.)

Kirscher did not pay the outstanding debt, so on June 14, 2004, Messerli & Kramer commenced the Ramsey County District Court action against him on behalf of Discover Bank. The complaint included a request for $1,019.44 attorneys' fees. Kirscher responded to Messerli & Kramer on July 15, 2004, by offering to allow judgment to be entered for the principal sum of $4,077.76, accrued interest of $89.92, reasonable costs and disbursements, and reasonable attorneys' fees. His offer explicitly referred to Minnesota Civil Rule of Procedure 68, which requires that acceptance occur within ten days of the offer, or the offer is deemed withdrawn. See Minn. R. Civ. P. 68.

On August 7, 2004, Messerli & Kramer filed an acceptance of the offer of judgment on behalf of Discover Bank. Messerli & Kramer also notified Kirscher of the acceptance that day. Judgment in the amount of $4,646.08 was entered on August 23, 2004. The judgment did not include attorneys' fees. On August 24, 2004, Kirscher sent a letter to Messerli & Kramer, claiming that his offer of judgment had been withdrawn because the offer was not accepted within ten days. The next day, Messerli & Kramer responded by claiming that the acceptance of the offer of judgment was timely. Nonetheless, the parties stipulated to vacating the judgment, and Discover Bank proceeded on the entire amount due.

Discover Bank filed a motion for summary judgment. Kirscher did not dispute the debt. Rather, he merely requested that the Ramsey County District Court determine reasonable

attorneys' fees up to the time of the offer of judgment — and not include any attorneys' fees accrued after the offer of judgment.   On April 22, 2005, the Ramsey County District Court granted summary judgment to Discover Bank and ordered Kirscher to pay $5,955.38.   A portion of that judgment, $500.00, was for attorneys' fees.

On August 22, 2005, Kirscher commenced this action against Messerli & Kramer, alleging that Messerli & Kramer violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), when attempting to collect the debt.[1]   In particular, the Complaint alleges that Messerli & Kramer falsely asserted that Discover Bank's acceptance of Kirscher's offer of judgment was timely.   (Compl. ¶ 12.)   It also avers that Messerli & Kramer used guerrilla tactics to collect the debt.   (Id. ¶ 13.)   It further claims that Messerli & Kramer misrepresented the amount of attorneys' fees it should receive in its representation of Discover Bank because the amount was based on a contingency fee basis.   (Id. ¶ 14.)

Messerli & Kramer has counterclaimed.   It alleges that Kirscher and his law firm are consumer law experts.   It further alleges that Kirscher has devised a scheme to create FDCPA litigation.   According to Messerli & Kramer, Kirscher has a pattern of refusing to pay his bills and allowing his credit accounts to default.   Thereafter, he allegedly demands validation of the debt or offers judgment and attempts to create a FDCPA issue.   He has filed several similar actions against other entities.   Messerli & Kramer claims that Kirscher brought this action in

---

[1]   Kirscher also sued Jefferson C. Pappas, an alleged agent of Messerli & Kramer, claiming that Pappas engaged in a pattern of mail fraud in violation of 18 U.SC. § 1964.   Specifically, Kirscher claims that Pappas committed mail fraud by filing via mail two false affidavits in Ramsey County District Court.   (Compl. ¶¶ 20-30.)   However, Kirscher has dismissed all claims against Pappas.   The Court therefore dismisses Count Two of the Complaint.

bad faith and seeks attorneys' fees under 15 U.S.C. § 1692(k)(a)(3).

Messerli & Kramer now brings a Motion for Judgment on the Pleadings under Federal Rule of Civil Procedure 12(c). Kirscher seeks to dismiss the Counterclaim.

**DISCUSSION**

**A.    Judgment on the Pleadings and Summary Judgment**

Federal Rule of Civil Procedure Rule 12(c) provides:

> After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Both parties have submitted materials outside of the pleadings. Thus, the Court will treat the Motion for Judgment on the Pleadings as one for summary judgment under Federal Rule of Civil Procedure 56.[2] See Fed. R. Civ. P. 56(c).

Summary judgment is proper if there are no disputed issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The Court must view the evidence and the inferences that may be reasonably drawn from the evidence in the light most favorable to the nonmoving party. Enter. Bank v. Magna Bank, 92 F.3d 743, 747 (8th Cir. 1996). However, "summary judgment procedure is properly regarded not as a

---

[2] Kirscher requested that the Court grant him a continuance if the Court decided to convert the Motion for Judgment on the Pleadings to a Motion for Summary Judgment. However, Kirscher did not submit an affidavit as required by Federal Rule of Civil Procedure 56(f). Moreover, he has not explained how a postponement of a ruling on the Motion for Summary Judgment might reveal additional, relevant information. See Janis v. Biesheuvel, 428 F.3d 795, 801 (8th Cir. 2005). Thus, the Court denies his request.

disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy, and inexpensive determination of every action." Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986).

The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.  Enter. Bank, 92 F.3d at 747.  A party opposing a properly supported motion for summary judgment may not rest on mere allegations or denials, but must set forth specific facts in the record showing that there is a genuine issue for trial.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986).

**B.      Statute of Limitations**

Messerli & Kramer contends that it is entitled to judgment as a matter of law because the FDCPA claim is barred by the statute of limitations.  An action based on a FDCPA violation must be brought within one year from the date on which the violation occurs.  15 U.S.C. § 1692k(d).  A violation accrues when the debtor is "on notice of the misrepresentation and unconscionable debt collection means."  Calka v. Kucker, Kraus & Bruh, LLP, No. 98-0990, 1998 WL 437151, at * 3 (S.D.N.Y. Aug. 3, 1998).  Since Kirscher filed this action on August 22, 2005, the only acts for which Messerli & Kramer may be liable under the FDCPA are those that occurred after August 22, 2004.  See Mattson v. U.S. W. Commc'ns, Inc., 967 F.2d 259, 261-62 (8th Cir. 1992) (statute of limitations in FDCPA cases expires one day before the anniversary date of the violation).  Two alleged FDCPA violations relate to the statute of limitations issue.

First, the Complaint alleges that Messerli & Kramer violated 15 U.S.C. § 1692e by misrepresenting that the acceptance of the offer of judgment was timely and valid.[3]   Messerli & Kramer submits that the alleged misrepresentation occurred when it filed the acceptance of the offer of judgment on August 7, 2004.   In contrast, Kirscher claims that the misrepresentation occurred in the August 25, 2004, letter, wherein Messerli & Kramer expressly asserted that the offer of judgment was timely.   Kirscher admits that he received correspondence from Messerli & Kramer on August 7, 2004, which included the acceptance of the offer of judgment.   However, he asserts that he did not obtain the remaining documents filed with Ramsey County District Court to obtain the judgment.   He also maintains that Messerli & Kramer did not properly serve him with the request for judgment.

Kirscher's attempt to circumvent the statute of limitations is baseless.   A debt collector violates § 1692e when it misrepresents the legal status of a debt.   The violation accrues when the debtor receives notice of the misrepresentation.   There is no requirement that the debtor receive notice in compliance with the Minnesota Rules of Civil Procedure.   Kirscher admits that he learned that Messerli & Kramer had accepted and filed the offer of judgment on August 7, 2004.   It was then that Kirscher was notified of the misrepresentation involving the offer's validity.   This is clear, especially since Kirscher responded by contesting the validity of the acceptance and stating that the offer of judgment was withdrawn because the response was

---

[3] Section 1692e provides that a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."   It specifically prohibits false representations of the character, amount, or legal status of a debt.   15 U.S.C. § 1692e.

untimely.   The FDCPA claim based on the allegedly false representation relating to the acceptance of the offer of judgment is therefore time-barred.

Second, the Complaint alleges that Messerli & Kramer violated the FDCPA by misrepresenting the amount of attorneys' fees it could receive for its debt collection efforts. Messerli & Kramer contends that the alleged violation occurred on June 14, 2004, when it requested $1,019.44 for reasonable attorneys' fees in the Ramsey County District Court complaint.   Kirscher argues that the complaint did not trigger the statute of limitations because the attorneys' fees request in the complaint could not result in an award of attorneys' fees.   He relies on Minnesota General Rule of Practice 119.01, which provides that an attorney seeking fees in the amount of $1,000.00 or more must file a motion.   Thus, according to Kirscher, the statute of limitations did not begin until March 10, 2005, when Messerli & Kramer filed its affidavit for attorneys' fees.

Whether the continuing violation theory applies to this FDCPA claim is at issue.   The sparse case law addressing the issue indicates that a continuing violation theory is not available under the FDCPA.   See Sierra v. Foster & Garbus, 48 F. Supp. 2d 393, 395 (S.D.N.Y. 1999) (a cause of action cannot "be kept alive indefinitely because each new communication would start a fresh statute of limitations"); Calka, 1998 WL 437151, at *3 (rejecting the argument that the prosecution of a debt collection action, including the filing of an amended complaint and a motion for summary judgment, constitutes a continuing violation).

This case is markedly similar to Sierra.   In that case, a law firm was retained to collect

the plaintiff's credit card debt.   The law firm warned the plaintiff of possible legal action if the alleged indebtedness was not satisfied and demanded attorneys' fees.   In response, the plaintiff entered a settlement agreement with the credit card company in June 1997 to pay the credit card debt, including the attorneys' fees, in monthly installments.   After the plaintiff failed to make payments, the credit card company commenced an action, which included a claim for attorneys' fees.   In December 1997, the parties entered another settlement agreement, under which the plaintiff acknowledged that there was a balance due and agreed that the credit card company had the right to enter judgment against him for the full amount demanded in the complaint, as well as attorneys' fees.   Nonetheless, the plaintiff sued the law firm in December 1998, alleging that the attorneys' fee charge violated the FDCPA.

Finding the case time-barred, the court refused to find a continuing violation.   It reasoned:

> This is not a case where defendants have sent a series of threatening letters, each of which violate the FDCPA and only some of which are time-barred.   Here, Sierra's assertion of a violation is the "unfair and illegal" attorneys' fees authorized by the June 5, 1997 agreement, which Sierra breached when he ceased making payments.   This suit, filed on November 13, 1998 is therefore time-barred.

48 F. Supp. 2d at 395.

As in Sierra, Kirscher is attempting to rely on the last alleged FDCPA violation to establish he claim.   He cannot do so.   The focus of § 1692f is when a debt collector makes a false or misleading representation in connection with the collection of a debt.   The violation accrues when the debtor is notified of the misrepresentation.   It is irrelevant that Messerli &

Kramer had to jump through procedural hoops in order to receive the attorneys' fees it demanded.   Kirscher learned in June 2004 that Messerli & Kramer was seeking $1,019.44 in attorneys' fees.   Thus, the limitations period began then and Kirscher's claim is time-barred.

## B.      Attorneys' Fees

Even if the statute of limitations did not bar Kirscher's claim based on Messerli & Kramer's demand for attorneys' fees, the claim would fail on the merits.   Kirscher alleges that Messerli & Kramer misrepresented the compensation that they could lawfully receive when they applied for attorneys' fees because they sought a contingency fee that was not based on actual work performed.   In the Complaint and his brief, Kirscher relies on Kojetin v. C U Recovery, Inc., 212 F.3d 1318 (8th Cir. 2000), which held that the collection agency violated the FDCPA when it charged the plaintiff a collection fee based on a percentage of the principal balance that remained due rather than the actual costs of the collection.   Messerli & Kramer maintains that Kojetin is inapposite and argues that the request for attorneys' fees does not violate the FDCPA as a matter of law.

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. . . . [T]he following conduct is a violation of this section:  . . . The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

15 U.S.C. § 1692f(1); see also Resler v. Messerli & Kramer, P.A., No. 02-2510, 2003 WL 193498, at *5 (D. Minn. Jan. 23, 2003) (Magnuson, J.) (collection of attorneys' fees does not

violate § 1692f when an agreement between a debtor and a creditor expressly permits the collection).

Kirscher's reliance on <u>Kojetin</u> is misplaced because the agreement at issue in that case did not provide for collection costs. The contract between Kirscher and Discover Bank expressly provided that Discover Bank could charge Kirscher for reasonable attorneys' fees and litigation costs incurred in collecting the debt. Thus, the agreement creating the debt expressly authorized the collection of fees, in accordance with § 1692f(1).

On this point, this case is identical to <u>Sierra</u>, where the court rejected a debtor's FDCPA claim based on the collection of attorneys' fees. In that case, the plaintiff alleged that the amount requested in attorneys' fees was unfair and illegal because it was based on a percent of the alleged debt, rather than based upon an hourly fee. The court held that the "unsupported and conclusory" allegations failed as a matter of law. The court relied heavily on the fact that the plaintiff did not truly dispute that the law firm was entitled to attorneys' fees; rather, he merely claimed that the amount was unreasonable and therefore a violation of the law. 48 F. Supp. 2d at 396.

The same is true here. Kirscher has never disputed that Messerli & Kramer is entitled to attorneys' fees. Indeed, he cannot because the contract between Kirscher and Discover Bank expressly provided that he would be liable for reasonable attorneys' fees and costs if he failed to make payments on his credit card debt. Accordingly, the Court finds that Kirscher's claim based on Messerli & Kramer's attempts to collect its attorneys' fees fails as a matter of law.

**C.      Guerilla Tactics**

The final allegation at issue is that Messerli & Kramer "used unfair and unconscionable collection methods" to collect the debt.   (Compl. ¶ 13.)   As a basis for this claim, the Complaint alleges that Messerli & Kramer sent Kirscher a letter on September 22, 2004, stating that Discover Bank "will now be seeking the balance in full." (Id.)   Kirscher construes this statement as implying that Messerli & Kramer would not relay settlement offers to Discover Bank, and argues that this tactic was an abusive means to collect a debt in violation of 15 U.S.C. § 1692f.[4]   Messerli & Kramer argues that Kirscher's construction of the letter cannot support an FDCPA claim.

To determine whether Messerli & Kramer violated the FDCPA, the Court must use the unsophisticated-consumer standard, which is "designed to protect consumers of below average sophistication or intelligence without having the standard tied to the very last rung on the sophistication ladder." Strand v. Diversified Collection Serv., Inc., 380 F.3d 316, 317 (8th Cir. 2004) (internal quotations and citations omitted).   "This standard protects the uninformed or naive consumer, yet also contains an objective element of reasonableness to protect debt collectors from liability for peculiar interpretations of collection letters."   Id. At 317-18 (citation omitted); see also Peterson v. Gen. Serv. Bureau, 277 F.3d 1051, 1055 (8th Cir. 2002) (objective element of reasonableness "prevents liability for bizarre or idiosyncratic interpretations of collection notices") (citations omitted).

---

[4] Section 1692f prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

The September 2004 letter did not contain false statements and was not misleading. It merely stated that Discover Bank would proceed to seek the full balance that Kirscher owed. Moreover, the one-sentence letter cannot reasonably be construed as oppressive, outrageous, or unconscionable. Thus, the § 1692f claim based on the September 2004 letter fails as a matter of law.

**D.      Motion to Dismiss Counterclaim**

Messerli & Kramer has filed a counterclaim under 15 U.S.C. § 1692k(a)(3), alleging that Kirscher commenced this action in bad faith and to harass. Kirscher recognizes that § 1692k(a)(3) provides attorneys' fees to the defendant of a claim brought in bad faith, but he argues that the provision does not create a cause of action that can be pleaded as a counterclaim. Rather, he suggests that the proper method is to seek attorneys' fees after adjudication on the merits of his claim. Messerli & Kramer responds that its counterclaim simply puts Kirscher and the Court on notice that it will raise a bad faith claim.

The statute does not expressly create a cause of action to a defendant in a bad faith claim. Rather, it states that the Court may award such fees. 15 U.S.C. § 1692k(a)(3). Courts disagree as to whether a defendant may demand attorney's fees as a counterclaim in a case filed under the FDCPA. Cf. Hardin v. Folger, 704 F. Supp. 355, 356-57 (W.D.N.Y. 1988) (defendant may not request attorney's fees by counterclaim, but must wait and make a motion for fees at the conclusion of plaintiff's case) with Emanuel v. Am. Credit Exch., 870 F.2d 805, 809 (2d Cir. 1989) (affirming the district court's decision to hear counterclaim for attorney's fees);

Ayres v. Nat'l Credit Mgmt. Corp., No. 90-5535, 1991 WL 66845, at *4-5 (E.D. Pa. Apr. 25, 1991) (refusing to dismiss counterclaim, and noting that the court was "unable to find any reason why defendants should not be allowed to seek costs and fees in their responsive pleading").

The Court need not address the substantive arguments relating to this merely academic issue. Although it is dismissing the Counterclaim, the Court will allow Messerli & Kramer to move for attorneys' fees so that it has the opportunity to prove that this action was brought in bad faith and for the purpose of harassment.

**CONCLUSION**

The claims in the Complaint are either time-barred or meritless. Accordingly, based on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1.    Plaintiff Bradley Alan Kirscher's Motion to Dismiss Counterclaim (Clerk Doc. No. 5) is **GRANTED**;

2.    Defendant Messerli & Kramer's Motion for Judgment on the Pleadings (Clerk Doc. No. 7) is **GRANTED**; and

3.    The Complaint is **DISMISSED with prejudice**.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

Dated: January 14, 2006

s/ Paul A. Magnuson
Paul A. Magnuson
United States District Court Judge